24 F.3d 243
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Kenneth Phillip RUSHING, Jr., also known as Guido, Appellant.
 No. 93-3745.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 11, 1994.
Filed: April 15, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth Phillip Rushing, Jr., appeals his conviction for conspiracy to distribute cocaine and crack cocaine, in violation of 21 U.S.C. Sec. 846 (1988). The sole issue Rushing raises on appeal is whether the district court[1] erred in denying, without holding an evidentiary hearing, his motion for a new trial based on newly discovered evidence of juror misconduct. We affirm.
 
 
 2
 Approximately six weeks after the jury returned its guilty verdict, Rushing moved pursuant to Federal Rule of Criminal Procedure 33 for a new trial based on newly discovered evidence which Rushing claimed revealed that juror number 44 failed to disclose during voir dire a material fact illustrating bias. Rushing argued that the district court should grant a new trial because, by not disclosing that he believed that cocaine caused a girlfriend's son to die, the juror failed to honestly answer the district court's question asking whether the veniremen know of any family members who had any involvement with drugs. In denying the motion, the district court concluded that the question it asked was limited to "family," that "family" does not include the adult child of a current girlfriend, that the juror did not answer the question falsely, and that Rushing failed to demonstrate the juror was not fair.
 
 
 3
 We review for an abuse of discretion the denial of a motion for a new trial. United States v. Johnson, 982 F.2d 1192, 1197 (8th Cir. 1992) (standard of review). To obtain a new trial, "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984). We agree with the district court's conclusions that the juror honestly answered its question and that Rushing failed to demonstrate bias.
 
 
 4
 The district court did not err by declining to hold an evidentiary hearing to allow Rushing to question the juror. See United States v. Moses, 15 F.3d 774, 778 (8th Cir. 1994) ("[n]ot every allegation of outside influence requires an evidentiary hearing"); United States v. Cattle King Packing Co., 793 F.2d 232, 243 (10th Cir.), cert. denied, 479 U.S. 985 (1986) (no need to conduct an evidentiary hearing when only "thin allegations of jury misconduct" are present).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa